PETER J. FAZIO
AARONSON RAPPAPORT FEINSTEIN &
DEUTSCH, LLP
600 Third Avenue
New York, New York 10016
Telephone: (212) 593-6700
Facsimile: (212) 593-6970
pjfazio@arfdlaw.com

Attorneys for Defendant
FORD MOTOR COMPANY

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ROBERT CAVANAGH and JOANNE CAVANAGH,**<br><br>Plaintiffs,<br><br>-against-<br><br>**FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.,**<br><br>Defendants. | Case No.<br><br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendant Ford Motor Company ("Ford"), through undersigned counsel, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Suffolk, Index No. 062115/2013, to the United States District Court for the Eastern District of New York. In support of removal, Ford states as follows:

{01321062.DOC }

## I.   **BACKGROUND**

1.      This case purports to be a product liability action pertaining to a 2000 Ford F650 Altec TA41 Bucket Truck on which the plaintiff allegedly injured himself on August 13, 2010.

2.      On or about July 30, 2013, Plaintiffs, Robert Cavanagh and Joanne Cavanagh ("Plaintiffs") commenced this law suit against Ford and co-defendants, Altec, Inc. and Altec Industries, Inc. ("Altec") by filing a complaint (hereinafter "complaint" or "Compl.") in the Supreme Court of the State of New York, County of Suffolk, bearing Index No. 062115/2013.  A copy of all state court process and pleadings served upon Ford in this case is attached as **Exhibit A.**

3.      Plaintiffs, generally, have alleged that the 2000 Ford F650 "malfunctioned, jammed, and/or otherwise caused injury to the plaintiff..." (See paragraph twelve of **Exhibit A**). The plaintiffs' appear to have brought claims for breach of warranty (see paragraphs twenty-one and forty of Exhibit A). The plaintiffs generally allege that the 2000 Ford F650 was negligently designed and manufactured (see paragraph twenty-two of Exhibit A). Further, the plaintiffs claim the 2000 Ford F650 was "defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; failed to have adequate and proper warnings or instructions...." (See paragraph thirty-two of Exhibit A). Plaintiffs alleged that the defendants caused the plaintiff Robert Cavanagh "serious injuries and to suffer pain, shock, and mental anguish..." and that the injuries are permanent and "has caused or will cause to incur, and will continue to incur, expenses for medical care and attention..." (see paragraph twenty-three of Exhibit A). Based upon the injuries to plaintiff Robert Cavanagh, plaintiff, Joanne Cavanagh claims to have been deprived of "society, services, and consortium" (see paragraph forty-five of Exhibit A).

4.      As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Ford has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## II.    FORD HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.      The summons and complaint in the above-captioned action, which set forth Plaintiffs' claims for relief (*see* Ex. A), was served on Ford on August 2, 2013.  Inasmuch as this Notice of Removal is being filed within thirty days of service, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

6.      The Supreme Court of the State of New York, County of Suffolk, is located within the Eastern District of New York.  Therefore, venue is proper pursuant to 28 U.S.C. § 81(c)(2) because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

7.      Pursuant to 28 U.S.C. § 1446(a), a copy of all state court process, pleadings, and orders served upon Ford is attached as Exhibit A.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiffs' counsel and filed with the clerk of the Supreme Court of the State of New York, County of Suffolk.

## III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

### A.     The Diversity-of-Citizenship Requirement Is Met.

8.      Plaintiffs, Robert and Joanne Cavanagh, reside in Suffolk County New York and are citizens of the State of New York (see paragraph one of Exhibit A).  *See* 28 U.S.C. § 1332(c)(1).

9.      Ford is, and was at the time Plaintiffs commenced this action, a corporation

organized and existing under the laws of the state of Delaware, with its principal place of business in Dearborn, Michigan. Therefore, Ford is a citizen of Delaware and Michigan for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

10.    Based upon a conversation with the counsel that will be representing the co-defendants, the Altec entities are organized and existing under the laws of the state of Alabama, with its principal place of business in Alabama. Therefore, the Altec defendants are citizens of for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1). Counsel for the Altec defendants has provided his consent to the removal of this action.

### B.    The Amount-in-Controversy Requirement Is Met.

11.    Based upon a conversation with plaintiff's counsel of record, Joseph G. Dell of Dell & Dean, PLLC, plaintiffs are claiming in excess of $150,000 thousand dollars in damages. Before the filing of this removal Plaintiffs' counsel was advised that Ford would be removing this action to Federal Court.

12.    Based on these and other allegations, Plaintiffs are seeking damages which include, but are not limited to:

a.    Serious and permanent physical injuries; Out of pocket damages for expenditures related to the cost to repair/service the engines; and

b.    Out of pocket damages for expenditures related to the physical injuries.


13.    Where, as here, Plaintiffs' complaint does not seek recovery of a specified amount, diversity jurisdiction exists where a removing defendant shows by a preponderance of the evidence that the amount in controversy is satisfied. *See* 28 U.S.C. § 1446(c)(2)(B). Plaintiffs' counsel of record has advised that the plaintiffs' are seeking in excess of $150,000 in damages.

WHEREFORE, Ford respectfully removes this action from the Supreme Court of the State of New York, County of Suffolk, index number 062115/2013, to this Honorable Court pursuant to 28 U.S.C. § 1441.

Dated:  August 14, 2013

PETER J. FAZIO
AARONSON RAPPAPORT FESINTEIN &
DEUTSCH, LLP

By: _____
PETER J. FAZIO (PJF 1211)

600 Third Avenue
New York, New York 10016
Tel.: (212) 593-6700
Fax: (212) 593-6970

Attorneys for Defendant
FORD MOTOR COMPANY

# EXHIBIT A

FILED: SUFFOLK COUNTY CLERK 07/30/2013

NYSCEF DOC. NO. 1

INDEX NO. 062115/2013

RECEIVED NYSCEF: 07/30/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------X
ROBERT CAVANAGH and JOANNE CAVANAGH,

Plaintiffs,

- against -

FORD MOTOR COMPANY, ALTEC, INC. and ALTEC
INDUSTRIES, INC.,

Defendants.

-----------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiffs designate Suffolk
County as the place of trial.

The basis of venue is:
Plaintiffs' residence

Plaintiffs reside at:
6 Weede Street
Coram, New York 11727

County of SUFFOLK

## To the above named Defendants:

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiffs' attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        Garden City, New York
              7-30-13

JOSEPH G. DELL
DELL & DEAN, PLLC
Attorneys for Plaintiffs
ROBERT CAVANAGH and JOANNE CAVANAGH
1325 Franklin Avenue, Suite 100
Garden City, New York 11530
(516) 880-9700

TO:     FORD MOTOR COMPANY - *Via Secretary of State*
        c/o CT Corporation System
        111 Eighth Avenue
        New York, New York 10011

        FORD MOTOR COMPANY
        One American Road
        Dearborn, Michigan 48126

        ALTEC, INC.
        210 Inverness Center Drive
        Birmingham, Alabama 35242

ALTEC INDUSTRIES, INC. – *Via Secretary of State*
c/o Capitol Services, Inc.
1218 Central Avenue, Suite 100
Albany, New York 12205

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X
ROBERT CAVANAGH and JOANNE CAVANAGH,

            Plaintiffs,

       - against -

FORD MOTOR COMPANY, ALTEC, INC. and ALTEC
INDUSTRIES, INC.,

            Defendants.

------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

     Plaintiffs, by their attorneys, **DELL & DEAN, PLLC**, complaining of the Defendants, respectfully allege, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF ROBERT CAVANAGH

    1.    At all times herein mentioned, Plaintiffs were and still are residents of the County of Suffolk, State of New York.

    2.    That at all times herein mentioned, Defendant **FORD MOTOR COMPANY**, was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of New York.

    3.    That at all times herein mentioned, Defendant **ALTEC, INC.** , was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of New York.

    4.    That at all times herein mentioned, Defendant **ALTEC INDUSTRIES, INC.,** was and still is a domestic corporation, foreign corporation or other legal entity duly organized and existing under and by virtue of the laws of the State of New York.

3

5.     That Defendants **FORD MOTOR COMPANY, ALTEC, INC.** and **ALTEC INDUSTRIES, INC.** committed a tortious act within the State of New York.

6.     That Defendants **FORD MOTOR COMPANY, ALTEC, INC.** and **ALTEC INDUSTRIES, INC.**, regularly does, or solicits, business in the State of New York.

7.     That Defendants **FORD MOTOR COMPANY, ALTEC, INC.** and **ALTEC INDUSTRIES, INC.** received substantial revenue from goods used or consumed, or services rendered, in the State of New York.

8.     That at all times herein mentioned the Defendants **FORD MOTOR COMPANY, ALTEC, INC.** and **ALTEC INDUSTRIES, INC.** were in the business of selling, manufacturing and distributing a 2000 Ford F650 Altec TA41 46' Bucket Truck for the purpose of sale and use to the general public.

9.     That at all times herein mentioned the Defendants **FORD MOTOR COMPANY, ALTEC, INC.** and **ALTEC INDUSTRIES, INC.** were in the business of selling, manufacturing and distributing a 2000 Ford F650 Altec TA41 46' Bucket Truck for the purpose of sale and use to businesses.

10.    That the Defendants **FORD MOTOR COMPANY, ALTEC, INC.** and **ALTEC INDUSTRIES, INC.** designed, manufactured, assembled, created, tested, inspected, produced, marketed, imported, distributed, marketed and sold a certain product called a 2000 Ford F650 Altec TA41 46' Bucket Truck.

11.    That at all times herein mentioned, and prior to August 13, 2010, the Defendants **FORD MOTOR COMPANY, ALTEC, INC.** and **ALTEC INDUSTRIES, INC.** manufactured, sold, distributed and delivered to various retailers the above mentioned product.

12.    That on August 13, 2010, Plaintiff **ROBERT CAVANAGH,** used said product of Defendants **FORD MOTOR COMPANY, ALTEC, INC.** and **ALTEC INDUSTRIES, INC.** in the manner intended and/or foreseeably intended, when the product malfunctioned, failed, jammed,

4

and/or otherwise caused injury to the Plaintiff, thereby causing severe and catastrophic personal injuries to Plaintiff.

13. That the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** warranted said product was fit for the purpose for which it was intended.

14. That the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** warranted that said product was safe to use in every respect, and had been designed, created, assembled and manufactured safely and warranted that it was good, safe and proper to use.

15. That the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** impliedly warranted that the said product was of merchantable quality and was safe for use.

16. That the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** designed, created, manufactured, assembled, tested, inspected, produced, marketed, imported, distributed and sold a certain 2000 Ford F650 Altec TA41 46' Bucket Truck which caused Plaintiff **ROBERT CAVANAGH** to suffer severe and permanent personal injuries

17. That relying upon said warranties, Plaintiff **ROBERT CAVANAGH** proceeded to use the said product in accordance with its intended use.

18. That Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** warranted that their product was safe for it's intended use.

19. That on August 13, 2010 the Plaintiff **ROBERT CAVANAGH** while using the product in accordance with its intended use and pursuant to the Defendants' instructions, if any, was caused to suffer and sustain severe bodily injuries.

20. That the aforesaid injuries were caused without any fault and/or negligence on the part of the Plaintiff **ROBERT CAVANAGH** contributing thereto.

21. That the aforesaid accident was caused solely and wholly by reason that Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** breached their

warranties of merchantability and fitness for intended use of the said product which warranties were both express and implied.

22.    That the negligence, carelessness and recklessness of the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** in the design, creation, manufacture, assembly, testing, inspection, production, sales, distribution, modification and selling of the aforesaid 2000 Ford F650 Altec TA41 46' Bucket Truck; in creating a 2000 Ford F650 Altec TA41 46' Bucket Truck which was subject to such foreseeable occurrence and in failing to provide any warnings; in designing, manufacturing, modifying, inspecting, assembling, producing, selling, distributing and placing into the stream of commerce, an inherently and unreasonably dangerous product when used in the ordinary and usual manner; in designing, manufacturing, modifying, inspecting, assembling, producing, selling and distributing a 2000 Ford F650 Altec TA41 46' Bucket Truck which was unfit for its intended purposes and was dangerous and unsafe; in failing to warn properly of the dangerous character and quality of the aforesaid 2000 Ford F650 Altec TA41 46' Bucket Truck; in using defective materials; in failing to warn of its proper use; in failing to properly test and inspect the product during manufacturing and assembly process; in negligently, recklessly and carelessly warranting, representing and advertising that the 2000 Ford F650 Altec TA41 46' Bucket Truck was safe and free from danger when used in the customary and usual manner; in failing to give proper instructions, warnings and cautions; in failing to maintain the 2000 Ford F650 Altec TA41 46' Bucket Truck which endangered the life and limb of its users; in failing to manufacture, design and placing into the stream of commerce a 2000 Ford F650 Altec TA41 46' Bucket Truck which was not properly designed, manufactured and assembled; in failing to comply with the applicable laws, rules and regulations; and Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** were otherwise negligent in the operation, supervision and maintenance of said device.

23.    That by reason of the foregoing, Plaintiff **ROBERT CAVANAGH** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and

6

their effects will be permanent; and as a result of said injuries Plaintiff **ROBERT CAVANAGH** has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

24.     That this action falls within one or more exception set forth in § 1602 of the CPLR.

25.     That as a result of the foregoing, Plaintiff **ROBERT CAVANAGH** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF ROVERT CAVANAGH

26.     Plaintiff **ROBERT CAVANAGH**, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

27.     That at all times hereinafter mentioned, the defendants designed, manufactured, modified, inspected, assembled, produced, sold and distributed the 2000 Ford F650 Altec TA41 46' Bucket Truck in question, knowing and intending for it to be used by the public.

28.     That on Augsut 13, 2010, the Plaintiff **ROBERT CAVANAGH** was making use of the aforesaid 2000 Ford F650 Altec TA41 46' Bucket Truck, in a manner which the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** knew and intended to be used and/or in a manner foreseeable by the Defendants.

29.     That the said product was defective and that said defect was a substantial factor in causing the injury to the Plaintiff **ROBERT CAVANAGH**.

30.     That on August 13, 2010, Plaintiff **ROBERT CAVANAGH** used the product for the purpose and use normally intended.

31.    That on August 13, 2010, while Plaintiff **ROBERT CAVANAGH** was using the said product, which failed to have any warnings, and while exiting said vehicle in its intended way caused Plaintiff to suffer severe bodily injuries.

32.    That upon information and belief, the 2000 Ford F650 Altec TA41 46' Bucket Truck in question was defective in that, among other things, it was made of improper and defective material; it was improperly designed; it was improperly manufactured; it failed to have adequate and proper warnings or instructions; it was not safe to be used for the purposes intended; it was inherently and/or unreasonably dangerous; it will cause severe injuries while being used and the product was otherwise defective.

33.    That on August 13, 2010, while Plaintiff **ROBERT CAVANAGH** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.,** their agents, servants, employees and/or licensees in improperly and negligently designing, manufacturing, modifying, inspecting, assembling, producing, selling, distributing and maintaining said product for use by businesses and the general public; and in otherwise being careless and negligent

34.    That by reason of the foregoing, the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.,** their agents, servants, employees and/or licensees are liable to Plaintiff in strict liability and tort, and/or strict product liability.

35.    That by reason of the foregoing Defendants are liable to the Plaintiff **ROBERT CAVANAGH** under the doctrine of Strict Products Liability and pursuant to Section 402A - Restatement of Torts Second.

36.    That by reason of the foregoing, Plaintiff **ROBERT CAVANAGH** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF ROBERT CAVANAGH**

37.     Plaintiff **ROBERT CAVANAGH** repeats, reiterates and realleges each and every allegation contained in the First and Second Causes of Action herein, together with the same force and effect, as though set forth at length herein.

38.     That Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.,** their agents, servants, and/or employees expressly or impliedly warranted and represented to the Plaintiff that the aforesaid 2000 Ford F650 Altec TA41 46' Bucket Truck was safe, proper, merchantable and fixable, foreseeable and intended uses for which it was designed, manufactured and assembled; that it was not a danger to the user; that it would not be dangerous or present a risk of injury; that it was free from defects, was reasonably safe, was of merchantable quality and reasonably fit for the purposes for which it was designed, manufactured, assembled, inspected, tested, sold and purchased and intended to be used.

39.     That in creating, designing, manufacturing, assembling, testing, inspecting, distributing and selling the aforesaid 2000 Ford F650 Altec TA41 46' Bucket Truck, the Defendants, **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.,** their agents, servants and/or employees knew that the 2000 Ford F650 Altec TA41 46' Bucket Truck would be used and the users of said the 2000 Ford F650 Altec TA41 46' Bucket Truck would rely upon the expressed and implied warranties and representations that the said 2000 Ford F650 Altec TA41 46' Bucket Truck was safe, proper, merchantable and fit for its intended uses and was free from any defects.

40.     That by reason of the foregoing, the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.** violated and breached the aforementioned express and implied warranties and that the 2000 Ford F650 Altec TA41 46' Bucket Truck was not reasonably fit, not of merchantable quality, unfit for its intended uses, unsafe, defective, and

9

constituted on a reasonably dangerous instrumentality as designed, manufactured, assembled, inspected, tested, sold and distributed.

41. That Plaintiff **ROBERT CAVANAGH** was caused to sustain those bodily injuries through no fault or carelessness of his own, but due wholly and solely to the acts and/or omissions which constituted the negligence of the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.**, their agents, servants, employees and/or licensees in improperly and negligently manufacturing, assembling, testing, inspecting, producing, marketing, importing, distributing and selling said product for use by the general public; and in otherwise being careless and negligent.

42. That by reason of the foregoing, Plaintiff **ROBERT CAVANAGH**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF JOANNE CAVANAGH

43. Plaintiff **JOANNE CAVANGH**, repeats, reiterates and realleges each and every allegation contained in the First, Second and Third Causes of Action herein, together with the same force and effect, as though set forth at length herein.

44. That at all times herein mentioned, Plaintiff **JOANNE CAVANAGH** was the spouse of the Plaintiff **ROBERT CAVANAGH** and as such was entitled to the society, services and consortium of her spouse **ROBERT CAVANAGH**.

45. That by reason of the foregoing, Plaintiff **JOANNE CAVANAGH** was deprived of the society, services and consortium of the Plaintiff **ROBERT CAVANAGH** and shall forever be deprived of said society, services and consortium.

46. That by reason of the foregoing, Plaintiff **JOANNE CAVANAGH** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

10

    **WHEREFORE**, Plaintiffs **ROBERT CAVANAGH and JOANNE CAVANAGH**

demand judgment against the Defendants **FORD MOTOR COMPANY, ALTEC, INC. and**

**ALTEC INDUSTRIES, INC.** herein on all causes of action, in a sum exceeding the

jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with

the costs and disbursements of this action.

Dated:   Garden City, New York
       7-30-13

          Yours, etc.

          JOSEPH G. DELL
          DELL & DEAN, PLLC
          Attorneys for Plaintiffs
          ROBERT CAVANAGH and
          JOANNE CAVANAGH
          1325 Franklin Avenue
          Suite 100
          Garden City, New York 11530
          (516) 880-9700

11

**ATTORNEY'S VERIFICATION**

JOSEPH G. DELL, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at DELL & DEAN, PLLC, attorneys of record for Plaintiffs, ROBERT CAVANAGH and JOANNE CAVANAGH. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:       Garden City, New York
                7-30-13

                                       JOSEPH G. DELL

12

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

ROBERT CAVANAGH and JOANNE CAVANAGH,

Plaintiffs,

- against -

FORD MOTOR COMPANY, ALTEC, INC. and ALTEC INDUSTRIES, INC.,

Defendants.

SUMMONS & COMPLAINT

**DELL & DEAN, PLLC**
*Attorneys for Plaintiff*
1325 Franklin Avenue
Suite 100
Garden City, New York 11530
(516) 880-9700
Facsimile (516) 880-9707

TO:

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Suffolk
-----------------------------------------------------x

Robert Cavanagh, et al.,

         Plaintiff(s)/Petitioner(s),           Index No. 062115/2013


     - against -

Ford Motor Company, et al.,

         Defendant(s)/Respondent(s).
-----------------------------------------------------x

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

    PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

    Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

### Instructions

1.  Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2.  Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3.  Each participating attorney, unless already registered, or self-represented party must **PROMPTLY** create a NYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create a NYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4.  For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 7/30/13

_____ (Signature)          (516) 880-9700 _____ (Phone)

Joseph G. Dell, Esq. _____ (Name)           (516) 880-9707 _____ (Fax)

Dell and Dean, PLLC _____ (Firm)            _____ (E-mail)

1325 Franklin Ave, Suite 100 ____ (Address)

Garden City, New York 11730 ____

Attorney(s) for Plaintiffs _____

2/11/13

2